**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5508-15T4

IN THE MATTER OF
BENJAMIN ACEVEDO.

_____

Submitted September 24, 2018 – Decided October 2, 2018

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Law Division, Passaic County.

Evan F. Nappen, attorney for appellant Benjamin Acevedo (Louis P. Nappen, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent State of New Jersey (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Benjamin Acevedo appeals from a June 21, 2016 order granting the State's motion to revoke his Firearms Purchaser Identification Card (FPIC); denying his handgun purchase permit application; denying his handgun carry permit application; voiding and requiring him to surrender his FPIC; and ordering him

to forfeit his firearms. We reverse, without prejudice, that part of the order requiring he forfeit his weapons. We otherwise affirm.

In 2005, Acevedo was a constable for the City of Paterson and employed as a security guard. In December 2005, Acevedo provided security for a private party, where he possessed, without a permit, an unloaded handgun and a loaded magazine. The police arrested Acevedo and charged him with third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). He entered into the pretrial intervention (PTI) program for one year, which he successfully completed.

At the time of his arrest, the police seized his handgun and FPIC. The police returned Acevedo's FPIC after he completed PTI, and in 2010, he applied for permits to purchase handguns. The Paterson Police Department (PPD) granted the applications, and thereafter, he legally purchased handguns.

In December 2012, Acevedo applied for a permit to carry a handgun, and in March 2013, he applied for a permit to purchase a handgun. In October 2013, the PPD denied both of his applications in the interest of "Public Health, Safety and Welfare." Acevedo appealed the denials to the Law Division.

2

In July 2014, the State filed a motion to revoke Acevedo's FPIC and forfeit his firearms. In 2016, after several days of an evidentiary hearing, the judge issued an oral decision, and subsequently entered the order under review.

On appeal, Acevedo argues:

> POINT I
> THE [JUDGE'S] . . . DECISION REGARDING FORFEITURE OF APPELLANT'S ALREADY POSSESSED FIREARMS IS ULTRA VIRES AND NOT AUTHORIZED UNDER NEW JERSEY LAW.
>
> POINT II
> THE [JUDGE] . . . ERRED BECAUSE APPELLANT IS NOT PRESENTLY A DANGER TO THE PUBLIC HEALTH, SAFETY OR WELFARE.
>
> POINT III
> THE [JUDGE] . . . ERRED REGARDING [HIS] RELIANCE UPON OSWORTH[1] SINCE THE PRESENT CASE IS DISTINGUISHABLE FROM OSWORTH.
>
> POINT IV
> ASSUMING APPELLANT SUFFERS FROM NO N.J.S.A. 2C:58-3(C)(5) DISQUALIFIER, REGARDING APPELLANT'S PERMIT TO CARRY APPLICATION: THE [ORDER] SHOULD BE REVERSED OR THE MATTER SHOULD BE REMANDED FOR A FINDING UNDER NEW JERSEY'S PRESENT (AS OF MARCH 6, 2017) REGULATORY "JUSTIFIABLE NEED" STANDARD OF "SERIOUS THREATS" OR

---

[1] In re Osworth, 365 N.J. Super. 72 (App. Div. 2003).

"SPECIAL DANGER TO HIS LIFE THAT CANNOT BE AVOIDED BY OTHER REASONABLE MEANS."

POINT V
THE [JUDGE] . . . ERRED BY DENYING A FUNDAMENTAL, INDIVIDUAL, CONSTITUTIONAL RIGHT FOR A REASON THAT DOES NOT CONSTITUTE A "LONGSTANDING PROHIBITION ON THE POSSESSION OF FIREARMS."  (Not raised below).

POINT VI
THE [JUDGE] . . . ERRED BECAUSE [HE] FAILED TO CONSIDER THE MATTER UNDER HEIGHTENED SCRUTINY.  (Not raised below).

POINT VII
THE [JUDGE'S] . . . DECISION APPL[]YING "INTEREST OF PUBLIC HEALTH, SAFETY OR WELFARE" CONSTITUTES AN UNCONSTITUTIONAL INTEREST-BALANCING TEST.  (Not raised below).

POINT VIII
APPELLANT SHOULD NOT BE DENIED HIS FUNDAMENTAL, INDIVIDUAL, CONSTITUTIONAL RIGHT TO KEEP ARMS FOR A REASON THAT IS VAGUE AND OVERBROAD. (Not raised below).

POINT IX
APPELLANT SHOULD NOT BE DENIED HIS FUNDAMENTAL, INDIVIDUAL, CONSTITUTIONAL RIGHT FOR A REASON THAT PROVIDES NO DUE PROCESS NOTICE.  (Not raised below).

POINT X
THE [JUDGE'S] . . . DECISION
UNCONSTITUTIONALLY BARS APPELLANT
FROM EXERCISING A FUNDAMENTAL,
INDIVIDUAL CONSTITUTIONAL RIGHT AD
INFINITUM WITH NO FORM OF REDRESS.

The law governing this appeal is well settled. A municipal police chief has the discretion, "subject to standards which have been adjudged constitutionally adequate," to grant or deny an individual's application for a handgun permit or identification card. Weston v. State, 60 N.J. 36, 43 (1972). The police chief's decision to deny an application is subject to de novo review by the Law Division, which "in this context contemplates introduction of relevant and material testimony and the application of an independent judgment to the testimony by the reviewing court." Id. at 45. The State bears the burden of establishing the existence of good cause for the denial "by a fair preponderance of the evidence." Id. at 46.

Because "a judicial declaration that a defendant poses a threat to the public health, safety or welfare involves, by necessity, a fact-sensitive analysis," State v. Cordoma, 372 N.J. Super. 524, 535 (App. Div. 2004), "an appellate court should accept a trial [judge's] findings of fact that are supported by substantial credible evidence," In re Return of Weapons to J.W.D., 149 N.J. 108, 116 (1997). Where the evidence is mostly testimonial and involves questions of

credibility, deference to a judge's findings of fact is particularly appropriate.  Id. at 117.  We will not disturb a judge's findings of fact unless those findings would result in an injustice.  Ibid. (citing Rova Farms Resort v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974)).  Nevertheless, a judge's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We begin by addressing Acevedo's argument that the judge improperly ordered him to forfeit his already possessed firearms.  He asserts that the State moved solely under N.J.S.A. 2C:58-3(f), which governs the granting and revocation of FPICs, not the forfeiture of already possessed firearms, and that the judge only considered this statute in his oral decision.

N.J.S.A. 2C:58-3(f) in part states, "[a]ny [FPIC] may be revoked by the Superior Court of the county wherein the card was issued, after hearing upon notice, upon a finding that the holder thereof no longer qualifies for the issuance of the permit."  The statute explicitly concerns FPICs and does not mention possession or forfeiture of firearms – N.J.S.A. 2C:58-3 is entitled "Purchase of firearms."

The judge relied solely on N.J.S.A. 2C:58-3(f) to explain the Superior Court's authority to revoke an FPIC, and in the same breath granted the State's motion for FPIC revocation and forfeiture of firearms. N.J.S.A. 2C:58-3(f) provides no basis for the forfeiture of already possessed firearms. The judge improperly relied on N.J.S.A. 2C:58-3(f) to require Acevedo to forfeit his already possessed firearms. We reverse without prejudice, however, this requirement, and afford the parties the opportunity – if desired – to address anew whether forfeiture is warranted under the appropriate law and facts of this case. We do so especially because the record is incomplete for us to resolve the issue ourselves.

As to Acevedo's argument that the judge improperly found him to be a danger to the public health, safety or welfare under N.J.S.A. 2C:58-3(c)(5), we disagree. N.J.S.A. 2C:58-3(c)(5) states, "[n]o handgun purchase permit or [FPIC] shall be issued . . . [t]o any person where the issuance would not be in the interest of the public health, safety or welfare." This FPIC disqualifier "provision is 'intended to relate to cases of individual unfitness, where, though not dealt with in the specific statutory enumerations, the issuance of the permit or identification card would nonetheless be contrary to the public interest.'" In re Osworth, 365 N.J. Super. at 79 (quoting Burton v. Sills, 53 N.J. 86, 91

(1968)). "This broadly worded disqualification criterion eludes precise definition. We are satisfied, however, that it must be liberally construed . . . ." Cordoma, 372 N.J. Super. at 534.

We are satisfied that the judge's credibility findings and factual determination that issuance of a permit would not be in the interests of the public health, safety or welfare are amply supported by credible evidence. The judge engaged in a fact-sensitive analysis of all of the testimony and evidence presented. See id. at 535.

The judge properly analyzed various events in determining Acevedo's fitness to carry a handgun and FPIC. He considered the underlying facts of Acevedo's 2005 arrest and subsequent PTI. Although Acevedo contends that he carried a firearm without a permit as a result of a custom that allowed constables to do so, the judge heard testimony to the contrary, and Acevedo failed to establish that he was working as a constable on the night of his arrest. In fact, Acevedo's testimony established that he was working as a security guard for a private party at the behest of a councilman. The judge acknowledged the lapse of time since the arrest, yet supported his decision with additional incidents between Acevedo and the police.

One such incident occurred in October 2014, when Acevedo entered his child's school without permission to voice his concerns for how traffic was being directed at the school's closing time. The principal testified that Acevedo "presented very angry, combative, and screaming, . . . questioning if [she] was the principal," and he was "very aggressive in his approach," but she did not contact the police.

When Acevedo entered the school building without permission for the second time – to retrieve traffic cones from inside the building so that he could direct traffic – the principal testified that he appeared "very upset, very disgruntled," and acted "[v]ery similar to the first incident." This time, she had to call security. She explained that she felt threatened by Acevedo, was fearful for her own safety and that of her students, and that "his reaction to the fact that there were no crossing guards . . . escalated from zero to 100" – factors that prompted her to file a police report. The responding police officer also testified that the principal appeared to be afraid.

On a separate occasion, Acevedo was attempting to direct traffic at the school, when a woman ran over his foot. The police were called, and upon arrival, Acevedo identified himself first as a county peace officer, and then corrected himself and stated that he was a Passaic County constable. The officer

testified that when the woman challenged Acevedo's authority to direct traffic, he told her that he was a constable and then stood behind her vehicle. The judge took particular note of this because Acevedo gave "the impression that he had more authority than he actually had, which leads me to the initial problem that . . . Acevedo had back in 2005 . . . ."

Lastly, the judge considered Acevedo's behavior at the PPD Headquarters, which occurred months after he applied for the carry permit and permit to purchase. Officer Katy Santana testified that she encountered Acevedo when he arrived at headquarters to see Detective Keith Rotsaert, and he became "boisterous, loud, aggressive," "yelling he wanted to see [Detective Rotsaert]," and "cursed a little bit, just getting disruptive." She explained that she "would have probably arrested him had he not had to see [Detective Rotsaert] that day." Detective Rotsaert stated that on that afternoon, Acevedo called him sixteen times in twenty minutes. He testified that Acevedo asserted that he was "joking" with Officer Santana and that they were friends. And yet, Officer Santana testified that she took Acevedo's actions seriously and did not know him. This behavior concerned the judge and evinced Acevedo's impatience.

We reject Acevedo's contention that N.J.S.A. 2C:58-3(c)(5) provides no statutory limit or due process form of redress, and that the judge provided no

relief to its effect. The judge did not specify a time period in which Acevedo will remain disqualified from obtaining an FPIC, and instead stated that the statute does not "specify a time period." Although the prosecutor advocated that the FPIC should be revoked into perpetuity, the judge did not make that determination.

Acevedo's constitutional arguments were not raised to the Law Division judge. We therefore decline to consider them. State v. Robinson, 200 N.J. 1, 20 (2009). Even considered, though, we find them meritless, noting our prior discussion in In re Winston, 438 N.J. Super. 1, 10 (App. Div. 2014). See also In re Forfeiture of Pers. Weapons & Firearms Identification Card belonging to F.M., 225 N.J. 487, 506-08 (2016); In re Dubov, 410 N.J. Super. 190, 196-97 (App. Div. 2009).

We conclude that Acevedo's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed as to the revocation of the FPIC; reversed without prejudice as to the forfeiture of firearms. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION